UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JULIO CESAR GRUESO MARQUEZ, #68203-018                                     PETITIONER

V.                                                               CIVIL ACTION NO. 3:25-CV-45-DPJ-ASH

WARDEN CHILDRESS                                                             RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Julio Cesar Grueso Marquez, who was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, at the time he filed this habeas petition under 28 U.S.C. § 2241, challenges the Bureau of Prisons' denial of jail time credits under the First Step Act. As explained below, the undersigned recommends Grueso Marquez's petition be dismissed as moot.

I.      Facts and Procedural History

Grueso Marquez was sentenced to serve a 120-month term of incarceration by the Middle District of Florida following his plea of guilty to a charge of possession with intent to distribute cocaine. He claims that he earned time credits under the FSA that the BOP has taken away from him because of "an illegal final deportation order." Am. Pet. [3] at 2. He asks the Court to order the BOP "to give him[] back his hard earned FSA time credits," *id.* at 8, and "order . . . his immediate release," Attachment [1-1] at 2. Respondent filed a timely response in opposition to Grueso Marquez's petition. According to the BOP's website, Grueso Marquez was released from BOP custody on July 3, 2025.[1]

---

[1] As stated on the BOP's website, if a search using the Inmate Locator identifies an individual "as 'Released' or 'Not in BOP Custody' and no facility location is indicated, the inmate is no longer in BOP custody." Inmate Locator, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 8, 2025). A search for Grueso Marquez's prisoner number, BOP Register

II.     Analysis

While the Court had jurisdiction over Grueso Marquez's petition—and he satisfied § 2241's "in custody" requirement—at the time he filed his petition, he "must separately satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution." *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021). That requirement dictates that the Court may adjudicate only "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). A case becomes moot and no longer presents an Article III case or controversy "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (quoting *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (internal quotation marks omitted).

The Fifth Circuit Court of Appeals has explained that a federal prisoner's release from incarceration moots his § 2241 petition because there is no longer a live case or controversy for which any relief can be granted. *Herndon*, 985 F.3d at 446. Specifically, Grueso Marquez "ha[s] already received the sole relief []he sought in h[is] petition: release from confinement." *Id.*[2] As such, his petition is moot.

---

Number 68203-018, lists him as "Not in BOP Custody" with no facility location identified as of July 3, 2025.

[2] A § 2241 petition is not rendered moot upon the prisoner's release if a term of supervised release was imposed and the Court has the power to modify or terminate that term. *Herndon*, 985 F.3d at 447. But "[a]bsent a transfer of jurisdiction over a prisoner's term of supervised release, only the sentencing court has authority to modify the terms of a prisoner's supervised release." *Id.* (citation omitted). This Court is not Grueso Marquez's sentencing court, so it lacks jurisdiction to modify or terminate any term of supervised release.

III.   Conclusion and Recommendation

The undersigned thus recommends that the Court dismiss Grueso Marquez's petition as moot.

IV.   Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[3] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 9th day of September, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[3] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).